UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | |
|---|---|
| SUSAN R., | ) |
|     Plaintiff, | ) |
| v. | ) C.A. No. 1:22-CV-00055-MSM-LDA |
| KILO KIJAKAZI, Acting Commissioner, Social Security Administration, | ) |
|     Defendant. | ) |

O R D E R

Mary S. McElroy, United States District Judge.

This matter comes before the Court on the plaintiff, Susan R.'s, Motion to Reverse (ECF No. 11) and the defendant, Kilo Kijakazi, Acting Commissioner, Social Security Administration's, Motion to Affirm (ECF No. 12) the denial by an Administrative Law Judge ("ALJ") of Disability Insurance Benefits under 42 U.S.C. § 405(g) of the Social Security Act. The plaintiff has objected to the Report and Recommendation ("R&R") of Magistrate Judge Lincoln D. Almond (ECF No. 16) which recommends that the Court deny the plaintiff's Motion to Reverse and grant the defendant's Motion to Affirm.

The plaintiff alleged disability due to fibromyalgia, chronic fatigue syndrome, headaches, thyroid disease, anxiety, mitral valve prolapse, cerebellar disease with cerebral demyelination, headaches, and attention-deficit hyperactivity disorder. The ALJ denied disability benefits on January 12, 2021. The Appeals Council ("AC")

1

denied the plaintiff's request for review on December 2, 2021, rendering the ALJ's decision final. The plaintiff timely appealed to this Court.

The ALJ found, after reaching Step 5 of the mandated 5-step analysis, that notwithstanding her treating providers' opinions, she could perform the requirements of jobs that existed in the economy, thus disqualifying her for benefits.

Pursuant to the Federal Rules of Civil Procedure, "the district judge must determine de novo any part of the magistrate judge's disposition that have been properly objected to." Fed. R. Civ. P. 72(b)(3). In reviewing the record, however, "[t]he findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive…." 42 U.S.C. § 405(g). Finally, "[q]uestions of law are reviewed de novo…." *Seavey v. Barnhart*, 276 F.3d 1, 9 (1st Cir. 2001) (citing *Ward v. Comm'r Soc. Sec.*, 211 F.3d 652, 655 (1st Cir. 2000)).

The plaintiff first argues that the AC's decision to deny review was egregiously mistaken. As the Magistrate Judge aptly explained, however, the additional evidence presented to the AC did not plausibly undermine the ALJ's decision as it was generally cumulative of and consistent with the evidence the ALJ had addressed in his decision. The AC therefore was not "egregiously mistaken" in its decision to deny the plaintiff's request for review. *See Mills v. Apfel*, 244 F.3d 1, 5 (1st Cir. 2001).

The plaintiff next argues the ALJ erred in discounting the opinions of her treating physicians. The ALJ, however, articulated sound, sufficient reasons for doing so, including citation to specific medical support. *See* C.F.R. § 404.1520c.

Finally, the plaintiff argues that the ALJ did not accord proper weight to her subjective symptoms and over relied upon objective evidence. But the Court agrees with the Magistrate Judge that the ALJ articulated sufficient reasons for his credibility assessment which were supported by substantial evidence (namely contrary medical evidence), entitling those conclusions to deference. *See Frustaglia v. Sec'y of HHS*, 829 F.2d 192, 195 (1st Cir. 1987).

This Court's review of the case is independent and, after having carefully reviewed the relevant papers, this Court reaches the same conclusion as Magistrate Judge Almond. The Court therefore ACCEPTS the R&R (ECF No. 16), adopting both the recommendation and reasoning set forth therein. Accordingly, the Motion to Reverse (ECF No. 11) is DENIED and the Motion to Affirm (ECF No. 12) is GRANTED.

IT IS SO ORDERED,

/s/ Mary S. McElroy
_____
Mary S. McElroy
United States District Judge
January 31, 2023